## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Deborah Gibson

March 7, 1994

Case Nos. (Criminal) K82831, K82832

By Judge Gerald Bruce Lee

This matter is before the Court upon the Defendant, Deborah Gibson's Motion to Reconsider the Court's Continuance of Sentencing for failure of Mrs. Gibson to make adequate restitution to the victim, Mr. John Elder, III. The Court denies Mrs. Gibson's Motion to Reconsider for the following reasons.

Mrs. Gibson, a trusted bookkeeper, embezzled over $100,000.00 from rental property tenant bank accounts over an eleven-month period. Mr. Elder, Mrs. Gibson's employer, entrusted her with management of the rental property tenant bank accounts. During the embezzlement period, Mr. Elder loaned Mrs. Gibson $5,000.00 to meet her personal needs. Mrs. Gibson claims she spent the funds on drugs. She claims she has nothing to show for the theft. Mrs. Gibson is married, and her husband claims he did not notice any change in her behavior during the embezzlement period and that he did not notice an extra $105,000.00 around his home.

On January 21, 1994, when this matter was before the Court for sentencing, some sixty days after the plea, no restitution plan was filed with the Court. Mr. Elder claims he lost $124,815.01 as a result of Mrs. Gibson's theft. At the hearing, Mrs. Gibson claimed that no funds are available for restitution to Mr. Elder. Mrs. Gibson's December 2, 1993, letter to the Court states, "I would like to express to you that due to my addiction, I've put my family and myself in a financial bind, and I feel at this time, it would be impossible for me to make restitution." At sentencing Mrs. Gibson offered to pay less than $300.00 per month restitution to Mr. Elder if she were granted probation. The Court rejected Mrs. Gibson's restitution plan and *sua sponte* continued sentencing for three months in order to

require her to make substantial efforts to pay Mr. Elder some restitution now.

The stolen funds were tenant rents due to landlords. Mr. Elder was personally responsible for paying the stolen rents to landlord-clients. Mrs. Gibson was not bonded, and no insurance covers this theft. Mr. Elder was forced to place a mortgage on his family-owned property in the amount of $100,000.00 to pay landlord-client claims. Mr. Elder will have to pay approximately $1,000.00 per month for thirty years on the mortgage.

The pre-sentence report reveals that Mr. and Mrs. Gibson own a home and land. The Gibsons' land includes over 200 acres of timber land jointly owned with her family. Her home has some equity. Mrs. Gibson's timber land has equity and can be sold, mortgaged, or conveyed to Mr. Elder. The rights to timber on the land can be sold. Mrs. Gibson has not made any effort to sell, to encumber, or to convey *her* real estate interests to Mr. Elder.

The Court does not have the power to direct Mrs. Gibson to sell her property in a criminal case; however, the Court may take into consideration of sentencing the feasibility of restitution. The Court may not suspend sentence or place an individual on probation *unless such person shall make at least partial restitution for . . . damage or loss.*" Va. Code Ann. § 19.2-305.1 and 2 (Vol. 1990 & Cum. Supp. 1993). The Court must consider Mrs. Gibson's assets and what efforts, if any, Mrs. Gibson has made to offer some victim restitution. Additionally, the Court may impose a judgment against Mrs. Gibson upon the request of Mr. Elder, which may be docketed against any of her assets. Va. Code Ann. § 19.2-305.2(B) (Vol. 1990 & Cum. Supp. 1993). In light of these statutory responsibilities, the Court is of the opinion that sentencing should be continued in order to give Mrs. Gibson an additional opportunity to make a good faith effort to make substantial restitution to Mr. Elder.

The Court is of the opinion that this is a very serious offense. This embezzlement is particularly horrible because while Mrs. Gibson was stealing her employer blind, she had the gall to borrow $5,000.00 as a personal loan from him. She systematically planned and executed these thefts over many months and abused her employer's trust. She concealed the theft from her employer for eleven months. *If you believe her husband,* Mrs. Gibson also concealed her addiction and access to substantial funds from her family. Finally, without a plan for restitution, Mrs. Gibson has robbed Mr. Elder of his family property to pay for her wrong, while she retains all of her family property. Every month for the next thirty years,

Mr. Elder will have to recall the robbery of his business and land when he writes his $1,000.00 mortgage check, while Mrs. Gibson goes on with her life at no inconvenience. This situation would be most unjust. In my view, *without substantial restitution*, these factors require that the Court give consideration to the full range of punishment at sentencing.

The Court will review Mrs. Gibson's effort, if any, to make restitution to the victim at the sentencing on May 20, 1994, and render a sentence at that time. It is fair to say that Mrs. Gibson's lack of evidence of efforts to make some substantial restitution will be given considerable weight to the appropriate sentence in this case. If a more realistic restitution plan involving property is submitted, I will consider it in advance of the sentencing date. If the Public Defender is not familiar with real estate transactions, then associate counsel should be consulted to assist Mrs. Gibson in making proper arrangements. Therefore, the motion to advance the sentencing date will be denied.